IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LES BREAW, ) | |
| ) | |
| Plaintiff, ) | Case No. CV06-377-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| LEWIS K. SMITH, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Les Breaw, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Lewis K. Smith, alleging that Defendant violated his constitutional rights. Plaintiff moves for entry of default against Defendant Smith. Defendant, in turn, moves to dismiss Plaintiff's action pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motions are ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.[1]

**Standards**

On a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Id. "The Court is not

---

[1] See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998) (holding that "a district court can decide without oral argument if the parties . . . . ha[ve] had an adequate opportunity to provide the trial court with evidence and a memorandum of law").

MEMORANDUM ORDER - Page 1

required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Lord v. Swire Pacific Holdings, Inc., 203 F. Supp.2d 1175, 1178 (D. Idaho 2002) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.1994)). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002).

## Discussion

1. Plaintiff's Motion for Entry of Default

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff moves the Court to enter a default judgment against Defendant. The Federal Rules of Civil Procedure afford a defendant twenty calendar days from service of process to answer or otherwise respond to a complaint. To determine whether the time for a defendant's appearance has lapsed, and a default has occurred pursuant to Federal Rule of Civil Procedure 55(a), the district court must make a finding as to when the defendant was properly served. See, e.g., Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 903 (6th Cir. 2006).

Here, Plaintiff asserts that "the Complaint and the Summons were served on or about August 21, 2006 by service upon the Defendant." (Mot. for Entry of Default at 1& Ex. A). This date is before the Complaint was filed and the case was opened on August 24, 2006. Therefore, it was not possible for Plaintiff to have complied with the service requirements set forth in Federal Rule of Civil Procedure 4(b) and (c). Without proper service of process upon Defendant, Plaintiff is not entitled to entry of default.

2. Motion to Dismiss & Motion for Summary Judgment

The United States Supreme Court has indicated that a federal district court should normally address the "question of personal jurisdiction, which goes to the court's power to exercise control over the parties" in advance of deciding any motion on the merits of the case. See Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979). Accordingly the Court will first consider Defendant's motion to dismiss for lack of personal jurisdiction.

Where, as here, no applicable federal statute governs personal jurisdiction, the Court's power to exercise personal jurisdiction over a non-resident defendant is limited both by the applicable state personal jurisdiction statute (long arm statute) and the Due Process Clause. Dole Food Co., Inc. v. Watts, 303 F.3d 1104,1110 (9th Cir.2002); Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990). However, as the Ninth Circuit has previously recognized, the Idaho Legislature intended in adopting the long arm statute to exercise all of the jurisdiction available under the Due Process Clause. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987) (citing Doggett v. Electronics Corp. of Am., 454 P.2d 63, 67 (Idaho 1969)). Thus, the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long arm clause is unnecessary. See Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1286 (9th Cir. 1977).

Due process requires that in order for a non-resident defendant to be haled into court the defendant must have certain minimum contacts with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. See Sher, 911 F.2d at 1361 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" Sher, 911 F.2d at 1361 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The focus in a personal jurisdiction determination is primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

States may exercise general or specific jurisdiction over non-resident defendants. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 447 (1952).

When specific jurisdiction is asserted, the Ninth Circuit has used a three part test: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. Lake, 817 F.2d at 1421. The plaintiff bears the burden of satisfying the first two prongs of the test. Sher, 911 F.2d at 1361. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476- 78 (1985). Under the first prong of the three-part specific jurisdiction test, the plaintiff must establish that the defendant purposefully directed his activities toward Idaho.[2] Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 801, 802-03 (9th Cir.2004).

Plaintiff's Complaint and response memorandum allege that all of Defendant Smith's conduct occurred in Montana. There is no action taken by Defendant Smith that is directed toward Idaho. Accordingly, the Court lacks personal jurisdiction over Defendant Smith and the case must dismissed as to this Defendant. See Schwarzenegger, 374 F.3d at 802-07 (explaining that plaintiff's complaint against a defendant must be dismissed for lack of

---

[2] In tort cases, the purposeful availment prong focuses on a purposeful direction analysis. See, e.g., Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 801, 802 (9th Cir. 2004). This is true when either intentional or negligent tort claims are alleged. See, e.g., Ziegler v. Indian River County, 64 F.3d 470, 473-74 (9th Cir.1995); Whalen v. National Occupational Health Strategies, LLC, 2006 WL 223741 (W.D. Wash. Jan 25, 2006).

MEMORANDUM ORDER - Page 4

personal jurisdiction where plaintiff failed to show that defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.").

3. Motion for Sanctions

Defendant moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court believes that Defendant makes a compelling case for imposing sanctions and that it could be appropriate to do so. However, in deference to Plaintiff's pro se status, the Court declines to levy sanctions at this time. The Court will, however, revisit the issue if Plaintiff persists in pursuing frivolous lawsuits in the District of Idaho against the same Defendants.

**ORDER**

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. Plaintiff's Motion for Writ (docket no. 3), Motion to Strike (docket no. 24) and Motion for Entry of Default (docket no. 4) are **DENIED**,

2. Defendant's Motion for Sanctions (docket no. 8) is **DENIED without prejudice** to renew for good cause, and

3. Defendant's Motions to Dismiss (docket no. 12) is **GRANTED**, and the above entitled action is **DISMISSED** in its entirety.

DATED: **March 6, 2007**

Honorable Edward J. Lodge
U. S. District Judge